IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cr-30051 |
| ) | |
| ROBERT HEARN, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Robert Hearn's Amended Motion for Compassionate Release (d/e 57) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On April 18, 2018, Defendant Robert Hearn pled guilty to Count 1 of the Indictment for possession with intent to distribute more than 28 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and Count 2 for possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). On August 28, 2018, Defendant Robert Hearn was

sentenced to a combined 72 months' imprisonment and a 4-year term of supervised released.  Defendant was sentenced to 12 months' imprisonment on Count 1 and 60 months' imprisonment on Count 2 to be served consecutively to Count 1.  Defendant is currently serving his sentence at FCI Milan and has a projected release date of February 4, 2022.

On June 2, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 52.  On June 16, 2020, following the appointment of counsel to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 57.  Defendant argues that the Court should waive the prerequisites for defendant filing such a motion, which are found in 18 U.S.C. § 3582(c)(1)(A).  Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic.

On June 19, 2020, the Government filed a response opposing Defendant's motion.  See d/e 59.  The Government argues that the Court lacks the authority to grant Defendant's motion because Defendant has not exhausted his administrative rights with the Bureau of Prisons (BOP) or waited 30 days from the time a request

to BOP regarding a motion for compassionate release was made. The Government also argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is

earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant failed to pursue any administrative remedy prior to his motion.  The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic.  That does not mean the Court will waive the exhaustion requirements in all cases.  The decision must be made on a case-by-case basis.  Defendant Hearn complains that it is impossible to exhaust or file a request with FCI

Milan because "staff are rejecting request for BP8, BP9, thus violating the access to Courts . . . ." See Pro Se Motion, d/e 52, p. 4. Based on that information, it seems FCI Milan is making it more difficult, if not impossible, for Defendant to exhaust his administrative remedies or file a request with the warden of that facility. Therefore, the Court excuses Defendant Hearn's failure to exhaust his administrative remedies or meet the 30 days requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison.

Defendant is a 28-year-old African American male. While in BOP custody, Defendant has been diagnosed with esophageal reflux

disease, chest pain, and dental pain, and a few substance addictions. See Probation's Memorandum, d/e 58, p. 2. Defendant is taking medication for his acid reflux. Id. In October 10, 2018, Defendant was diagnosed with hypertension and was previously taking medication for the condition. Id. However, medication was discontinued because he lost weight. Id. Defendant's complaint of chest pain was determined to be as a result of his acid reflux issues. Id.

The COVID-19 pandemic does not warrant the release of every federal prisoner with medical concerns. While the Court is sympathetic to Defendant's health conditions, he has not shown that he would be at a higher risk at FCI Milan than he would be if released. As of June 30, 2020, there are 13 inmates and 1 staff member with active confirmed cases of COVID-19 at FCI Milan. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed June 30, 2020). FCI Milan has 1,330 total inmates. See FCI Milan, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/mil/ (last accessed June 30, 2020).

The Court must reconsider the factors in § 3553(a).  Since being incarcerated, Defendant has been disciplined twice for rule violations.  See Response, d/e 59, p. 13.  On March 6, 2019, he was sanctioned for possessing a cell phone.  Id.  On September 18, 2019, he was sanctioned for possessing a cell phone.  Id.  Defendant has been classified as medium-risk recidivism level by BOP.  See Probation's Memorandum, d/e 58, p.1.  On February 4, 2019, Defendant withdrew from a residential drug abuse program and is on a waiting list for a non-residential drug abuse program.  Based on the history and characteristics of Defendant, the Court finds that reconsideration of the factors in § 3553(a) concludes that Defendant is not entitled to compassionate release.

Defendant Hearn has also failed to submit any proposed release plan.  Without a release plan, the U.S. Probation Office cannot make a recommendation and Defendant cannot safely be released into the community.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Hearn's pro se motion (d/e 52) and amended motion for compassionate release (d/e 57) are DENIED. This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change. The Clerk is DIRECTED to send a copy of this Opinion to FCI Milan.

ENTER:  June 30, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE